UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

James Arthur Woodley

    v.                                                            Civil No. 13-cv-513-LM
                                                                      Opinion No. 2014 DNH 138

Warden, FCI, Berlin


**O R D E R**

    FCI-Berlin inmate James Woodley has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his conviction and sentence in the Southern District of Texas for using a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c), on the basis that the conviction was not supported by sufficient evidence.  Before the court is Woodley's response (doc. no. 8) to this court's April 7, 2014, order (doc. no. 7) that directed Woodley to show, among other things:

- whether the remedy provided by 28 U.S.C. § 2255 could be deemed "inadequate or ineffective" to test the legality of his detention, for the purposes of allowing Woodley to proceed with his § 2241 petition here, rather than proceeding in the sentencing court on a § 2255 motion; and

- whether the interests of justice require this court to transfer this matter to the Fifth Circuit for review under 28 U.S.C. § 2255(h).

This court, having reviewed Woodley's response to the April 7 order, now finds as follows:

1. Woodley filed a prior § 2255 motion in 2003 in the sentencing court in the Southern District of Texas, challenging the conviction at issue here.  See Doc. No. 8, at 4-10 (describing § 2255 litigation); see also United States v. Woodley, No. 4:99-cr-00464 (S.D. Tex. Jan. 24, 2005) (cm/ecf doc. no. 161) (denial of certificate of appealability in United States v. Woodley, No. 04-20565 (5th Cir. Jan. 24. 2005));

2. Woodley filed the instant § 2241 petition more than a decade after the challenged conviction became final; and

3. The claim asserted in this § 2241 petition is substantially the same as an insufficiency of the evidence claim Woodley asserted on direct appeal that was rejected by the Fifth Circuit.  See United States v. Woodley, 37 F. App'x 91, 2002 WL 1022031, at *2 (5th Cir. May 13, 2002) (per curiam) (unpublished decision).

Discussion

I.   Restrictions Potentially Applicable to Woodley's Claims

At least three potentially applicable restrictions could affect Woodley's ability to litigate a collateral challenge to his conviction in the court where he was convicted.  First, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires Woodley to obtain certification from the Fifth Circuit under § 2255(h), before he may litigate a successive § 2255 motion in the sentencing court.  See 28 U.S.C. § 2255(h); Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008); see also In re Simpson, No. 13-40718, 2014 WL 494816, at *1 (5th Cir. Feb. 7, 2014).  Second, AEDPA generally imposes a one-year statute of limitations on § 2255 motions.  See 28 U.S.C. § 2255(f).  And third, the law of the case doctrine generally bars an inmate like Woodley from relitigating questions in a § 2255 motion that were previously raised and rejected in the direct appeal of the conviction.  See United States v. Jackson, 178 F.3d 1290, 1999 WL 236005, at *1 (5th Cir. 1999) (per curiam) (unpublished decision) (issue addressed and rejected on direct appeal could not be relitigated in § 2255 motion); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (same).

3

II.  Savings Clause

Woodley argues that his insufficiency of the evidence claim should be characterized as a claim of actual innocence, and that he therefore must be allowed to proceed in this court with his § 2241 petition, pursuant to the § 2255(e) savings clause, in order to avoid a miscarriage of justice.  Restrictions, such as those listed above, which limit the ability of an inmate to litigate a § 2255 motion in the sentencing court, are not generally sufficient to render § 2255 inadequate or ineffective as a means to challenge the legality of the inmate's detention, particularly in cases where there is no credible claim of factual innocence.

> A petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA "second or successive" requirements.  Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture.  Rather, recourse to the savings clause has only been permitted in rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a complete miscarriage of justice[.]  The Supreme Court has defined the term "miscarriage of justice" as encompassing only those extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.

McKubbin v. Grondolsky, No. CIV.A. 13-11364-JGD, 2014 WL 1245881, at *6 (D. Mass. Mar. 25, 2014) (internal quotation marks and citations omitted); see also Trenkler, 536 F.3d at 98 ("mere

4

inability to satisfy [AEDPA's gatekeeping] requirements does not afford access to [§ 2255(e)'s] savings clause").

Woodley attempts to characterize his sufficiency of the evidence argument as an "actual innocence" claim. The Supreme Court, however, has characterized a gateway actual innocence claim as a claim asserting that "in light of new evidence 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (citation omitted). Woodley's allegations of actual innocence are not supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); see also Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008).

Nothing in the record suggests that Woodley's case presents a colorable claim of actual innocence, or that denying Woodley access to the § 2255(e) would effect a miscarriage of justice. Woodley has not shown, therefore, that the § 2255(e) savings clause allows this court to exercise jurisdiction over the § 2241 petition.

5

## II. Transfer or Dismissal

In light of this court's findings regarding the potential procedural bars affecting Woodley's petition, including the law of the case doctrine, this court finds that transferring this case to the Fifth Circuit is not required by the interests of justice.

## Conclusion

For the foregoing reasons, this court dismisses Woodley's § 2241 petition without prejudice, for lack of jurisdiction. This order does not restrict Woodley's ability to apply in the Fifth Circuit for permission to file a successive § 2255 motion, pursuant to 28 U.S.C. §§ 2244(a) and 2255(h).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 18, 2014

cc:   James Arthur Woodley, pro se
      Seth R. Aframe, Esq.

LM:nmd